[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an administrative appeal from a final decision of the Freedom of Information Commission ("FOIC") brought pursuant to General Statutes §§ 1-206 (b)(1) of the Freedom of Information Act ("FOIA") and 4-183
of the Uniform Administrative Procedure Act ("UAPA"). The plaintiffs, Donald W. Schultz, Building Official for the Town of Windham and the Town of Windham, seek review of the FOIC decision in its contested case,Steven Edelman v. Donald W. Schultz, Building Official, Town of Windham,
Docket No. FIC 1999-591, based upon the assignments of error in the plaintiffs' appeal dated July 10, 2000.
By letter dated December 2, 1999, the defendant, Steven Edelman, a non-lawyer, requested Schultz to allow him to inspect "all applicable codes" and `the code' referenced in paragraph B.1 of the Town of Windham Board of Selectmen Resolution 766." (Return of Record ("ROR"), pp. 4-5.) Said resolution is entitled "Policies and Procedures for Building, Housing Code, Engineering, Planning and Development Activities." (ROR, p. 7.) There is a public agency in the town specifically designated for each subject listed in the title of Resolution 766. Edelman, specifically referenced paragraph B.1 in his request which is entitled "Penalties For Failure to Secure Permit" and provides:
 Where work for which a permit is required is initiated prior to obtaining said permit, a penalty fee shall be collected equal to and in addition to the amount of the permit fee. The penalty fee shall be collected whether or not a permit is subsequently issued. The payment of such penalty fee shall not relieve the responsible party from compliance with all applicable codes, or from any other penalties for violation of CT Page 4792 the code.
(ROR, pp. 5, 7.)
By letter dated December 8, 1999, Schultz responded to Edelman's December 2, 1999 request advising Edelman that his request involved "legal interpretations" and suggested that Edelman engage an attorney for the purposes of making the determination that he was seeking. (ROR. p. 6.) At the hearing before the FOIC, Schultz testified that he had a copy of the code of ordinances in his office, that his duties were to enforce the Connecticut State Building Code, and that the various codes relating to the specific subject matter were also on file at various public agencies including the Windham public library. (ROR, pp. 60, 68.)
The FOIC concluded in its final decision that Edelman's request "to inspect all applicable codes" and "the code" was overly broad and Schultz could not provide Edelman with access to inspect to inspect "all applicable codes" or "the code" as referenced in paragraph B.1 of Resolution No. 766. (ROR, p. 102, ¶ 12.) The FOIC concluded, however, that Schultz failed to offer Edelman access to the codes that were maintained in the Building Department's office in response to Edelman's December 8, 1999 request. (ROR, pp. 102-03, ¶¶ 13-14.)
The court reviews the issues raised by the plaintiff in accordance with the limited scope of judicial review afforded by the Uniform Administrative Procedure Act ("UAPA"). Dolgner v. Alander, 237 Conn. 272,280 (1996). "[The court] must decide, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily or illegally, or abused its discretion. . . . Even as to questions of law, [t]he court's ultimate duty is only to decide whether, in light ofthe evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. . . . Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts. . . . [I]t is the well established practice of this court to accord great deference to the construction given [a] statute by the agency charged with its enforcement." (Citations omitted; emphasis in original; internal quotation marks omitted.) Perkins v. Freedom of Information Commission,228 Conn. 158, 164-65 (1993).
In this case, the court must determine whether Edelman's letter dated December 2, 1999 constituted a valid FOIC request and this must be decided based on the facts of this case.
In determining what constitutes a valid FOIC request, our Supreme CT Page 4793 Court, in Perkins v. Freedom of Information Commission, supra, stated:
 Although we have not previously had the occasion to articulate an interpretation of what constitutes a FOIA records request, this issue is similar to others in which the courts must defer to the exercise of administrative judgment. The FOIC has full authority to determine the existence of public records and the propriety of their disclosure. . . . The trial court's contrary conclusion relied on distinctions that are overly formal and legalistic in light of the public policy expressed by the FOIA. The overarching legislative policy of the FOIA is one that favors the open conduct of government and free public access to government records. . . .
* * *
 As a practical matter, the FOIA is used repeatedly by members of the public who are unschooled in technical, legalistic language distinctions. It would be unreasonable to deny a member of the public access to the FOIA simply because of arguable imperfections in the form in which a request for public records is couched.
(Citations omitted; internal quotation marks omitted.) Id., 166-67.
In the present case, the court finds that the FOIC's decision is neither in excess of its statutory authority nor erroneous in view of the reliable, probative and substantial evidence on the whole record. Nor is the FOIC's decision arbitrary, capricious or characterized by abuse of discretion. While paragraph B.1 of Resolution 766 is not succinct, Schultz's response dated December 8, 1999 relied on distinctions that were overly formalistic and legalistic in light of the public policy expressed by the legislature in its creation of the FOIA. See Perkins v.FOIC, supra, 228 Conn. 166. This, coupled with the non-attorney status of Edelman, made Schultz's response one that fails to do justice to the concept of free public access to government records. The Schultz's December 8, 1999 response clearly was not one that exalted the concept of open conduct of government and free public access to government records.
Despite the hearing officer's finding in this case that Edelman's December 2, 1999 request was overboard, Schultz failed in his response to offer access to the codes that pertained to the Building Department to Edelman. Schultz failed to provide Edelman access to inspect the codes CT Page 4794 that Schultz maintained in the Building Department's Offices. The administrative record indicates that copies of the codes were kept at Schultz's office. While the record indicates that there was some ill-will between Schultz and Edelman, a public official has the duty and responsibility to avoid using technical and minute distinctions with members of the public. While the plaintiffs rely on an earlier request of November 22, 1999 directed to Schultz and Schultz's offer to call on Edleman to inspect all the records in his office, Edelman's December 2, 1999 request was separate and distinct. Each request stands or falls on its respective merit. The plaintiffs have failed to claim or establish the applicability of any exemption in the present case.
Accordingly, the plaintiff's appeal is dismissed and the FOIC's decision is affirmed.
OWENS, J.